**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Regina Crawford,<br><br>                                  Plaintiff,<br><br>                    -v-<br><br>Citibank, N.A.; JPMorgan Chase Bank; Fein, Such & Crane LLP; Parker, Ibrahim & Berg, LLP; James Francis Mathews, in his individual and official capacity; and John Does 1-10, fictitious names representing unknown actors involved in the conspiracy,<br><br>                                  Defendants. | 2:25-cv-4750<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a Motion for Recusal and Disqualification of Counsel filed by Regina Crawford, acting pro se, in this action, which is brought against the following Defendants: Citibank, N.A. ("Citibank"); JPMorgan Chase Bank ("JPMorgan Chase"); Fein, Such & Crane LLP ("Fein Such"); Parker, Ibrahim & Berg, LLP ("PIB"); James Francis Mathews; and John Does 1-10 (collectively, "Defendants"). (Mot. for Recusal ("Mot."), EFC No. 22.) Ms. Crawford seeks recusal of the undersigned, the striking of this Court's September 2, 2025 and October 9, 2025 Orders, the disqualification of PIB as counsel for Defendants, and the striking of all pleadings filed by PIB in this case (the "Motion"). (*See id.*). For the reasons that follow, the Court denies the Motion in its entirety.

**BACKGROUND**

This action stems from a mortgage that Ms. Crawford executed on a property located in Bellport, New York on September 7, 2007. *See* Am. Compl., ECF No. 16; *Citibank, N.A. v.*

*Crawford*, No. 612139/2017 (N.Y. Sup. Ct. Suffolk Cnty.), NYSCEF No. 1. On June 28, 2017, Citibank filed a foreclosure action against Ms. Crawford in the Supreme Court of New York, Suffolk County, alleging that she had defaulted on the terms of the mortgage. *Citibank*, No. 612139/2017, NYSCEF No. 1. On May 24, 2019, the state court entered a Judgment of Foreclosure and Sale on the property. *Id.*, NYSCEF No. 36.

Following several prior actions by Ms. Crawford in state and federal court, Ms. Crawford commenced this action on August 26, 2025, seeking to vacate the foreclosure judgment. (EFC No. 1; *see also* Defs.' Opp'n to Pl.'s Mot. ("Opp'n"), ECF No. 32 at 3–4 (detailing the prior actions filed by Ms. Crawford).) The next day, on August 27, 2025, Ms. Crawford filed a proposed order to show cause for a preliminary injunction and temporary restraining order (the "TRO Motion"), which would enjoin Defendants from executing an eviction against her and would void the foreclosure judgment on her property. (EFC No. 5 at 1, 3.) Upon receiving the TRO Motion, the Court scheduled a telephone conference on Ms. Crawford's ex parte TRO Motion in two days, i.e., for August 29, 2025, and ordered that Ms. Crawford serve Citibank, the only Defendant originally named in this action, with the Complaint and TRO Motion by 5:00 p.m. that day. (Elec. Order, Aug. 27, 2025.)

On August 29, 2025, because Ms. Crawford had not shown proper service upon Citibank, the Court held an ex parte telephone conference where it denied the TRO Motion on three grounds. (Min. Entry, Aug. 29, 2025.) Those grounds, were: (1) Ms. Crawford had not shown that the Court had jurisdiction over the TRO Motion as she sought relief that would likely be barred by the *Rooker-Feldman* doctrine; (2), even if subject matter jurisdiction existed, several other abstention doctrines likely counseled against the exercise of such jurisdiction; and (3) although Ms. Crawford had shown irreparable harm she had not demonstrated a serious question

on the merits of her claims. (*Id.*) Nonetheless, the Court gave Ms. Crawford until October 10, 2025 to file an Amended Complaint "should she wish to do" so and ordered that Ms. Crawford serve Citibank pursuant to Rule 4(m), Fed. R. Civ. P. (*Id.*)

Ms. Crawford filed the Amended Complaint on October 10, 2025, naming all Defendants and bringing claims under the Due Process Clause of the Fifth and Fourteenth Amendments and various statutes, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act, 15 U.S.C. § 2601 et seq. (Am. Comp..) Several months later, on December 1, 2025, Ms. Crawford filed the instant Motion. (ECF No. 22.) Defendants filed their opposition to the Motion on December 23, 2025. (ECF No. 32.)[1] Ms. Crawford filed a reply on December 30, 2025. (ECF No. 39.)

**LEGAL STANDARDS**

### I.    Recusal

A judge must recuse "[herself or] himself in any proceeding in which [her or] his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Specifically, the Court must consider "whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013), *as amended*, (Nov. 26, 2013); *see also United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (the "central focus is on whether [the] allegations [of bias and partiality], when coupled with the judge's rulings on and conduct regarding them, would

---

[1] In addition to opposing Ms. Crawford's Motion, Defendants move that Ms. Crawford be deemed a vexatious litigant. (*See* Opp'n at 13.) Because there is a motion to dismiss pending in this action, *see* ECF No. 36, it is premature to rule on this request before reaching the merits of the claims asserted in the Amended Complaint.

lead the public reasonably to believe that [the judge's bias or partiality] affected the manner in which [she or] he presided"); *El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30, 31 (2d Cir. 2018) (holding that the central question is whether "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal"). "A recusal decision rests within the sound discretion of the judge whose recusal is sought." *Neroni v. Coccoma*, No. 3:13-cv-1340, 2014 WL 2532482, at * 4 (N.D.N.Y. June 5, 2014). However, the Second Circuit has instructed that when "the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001). In other words, "[a] judge is as much obliged not to recuse [herself or] himself when it is not called for as [she or] he is obliged to when it is." *Id*. (citation and internal quotations marks omitted).

The Supreme Court instructs that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp*., 384 U.S. 563, 583 (1966)); *see also Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality."); *Brookins v. Blodnick*, No. 24-359, 2025 WL 1554836, at 2 (2d Cir. June 2, 2025) ("Recusal is not warranted where the only challenged conduct consists of judicial rulings . . . and ordinary admonishments . . .").

## II. Disqualification of Counsel

The resolution of a motion to disqualify counsel is committed to the sound discretion of the district court. *Purgess v. Sharrock,* 33 F.3d 134, 144 (2d Cir. 1994); *Interiano v. Arch*

*Specialty Insurance Co.*, No. 23-cv-0238, 2025 WL 2412031, at \*3 (E.D.N.Y. Aug. 20, 2025). Although not every violation of a disciplinary rule will lead to disqualification, a court resolving a disqualification motion is guided by both the American Bar Association ("ABA") Model Code and New York's Rules of Professional Conduct ("RPC"). *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005); *Miehle-Kellogg v. Santanello*, No. 19-cv-4943, 2025 WL 2664021, at \*1 (E.D.N.Y. Sept. 17, 2025). Where a plaintiff seeks disqualification on the basis of successive representation, the Second Circuit applies a three-pronged test whereby an attorney may be disqualified if:

(1) the moving party is a former client of the adverse party's counsel;

(2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and

(3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client.

*United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 239 (2d Cir. 2016); *Interiano*, 2025 WL 2412031, at \*3.

The Second Circuit has recognized that motions to disqualify are "often interposed for tactical reasons," and that "even when made in the best of faith, such motions inevitably cause delay." *Bd. of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *see also Interiano*, 2025 WL 2412031 at \*3. "Thus, the movant shoulders a heavy burden and must establish *specific facts* warranting the disqualification." *Miehle-Kellogg,* 2025 WL 2664021 at \*2 (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791, 794 (2d Cir. 1983)). Conclusory statements will not suffice. *Id.* at \*2.

5

**DISCUSSION**

## I.    Recusal

Ms. Crawford's motion to recuse is denied because it is premised entirely on Ms. Crawford's disagreement with the Court's rulings and deadlines, which is not a ground that "suffice[s] to provide a reasonable basis for questioning a judge's impartiality." *Chen*, 552 F.3d at 227. Indeed, Ms. Crawford raises two objections to the Court's rulings, neither of which provide a basis for the undersigned to recuse.

First, Ms. Crawford contends that the Court's rulings on the merits of her TRO Motion amount to "judicial protection of bank fraud" and therefore call into question the Court's impartiality. (Mot. at 3.)[2] Specifically, she alleges that the undersigned acted with bias by (1) citing "jurisdictional bars under *Rooker-Feldman* and *Younger* . . . without fully addressing . . . allegations of fraud . . . in the underlying [state court action]"; and (2) finding that Ms. Crawford had shown irreparable harm but not going on to provide Ms. Crawford an evidentiary hearing to substantiate her allegations of fraud. (Mot. at 2, 6, 22) These arguments, which amount to mere disagreement with the Court's application of the TRO standard and with various abstention doctrines do not go to the sort of "favoritism or antagonism required" to challenge the Court's impartiality. *Liteky*, 510 U.S. at 555; *see also Wallen v. Teknavo Grp.*, No. 12-cv-6196, 2022 WL 17742338, at *2 (E.D.N.Y. Dec. 12, 2022) ("Disagreement with a court's decision, in and of itself, is not a sufficient basis to grant a recusal motion.").

---

[2] Ms. Crawford also accuses the undersigned of "engag[ing] in the [f]ederal [c]rime of 'interference with interstate commerce'" and of "treason to the Constitution." (Mot. at 25.) The Court notes that accusations of this kind, made without legal or factual support, fail to show proper respect for the Court.

Ms. Crawford's arguments are also legally wrong. "[S]ome district courts within this Circuit have recognized a fraud exception" to the *Rooker-Feldman* doctrine where a "plaintiff did not attempt to *vacate* that judgment in federal court, but rather *sought damages on an alternate theory of relief.*" *In re Lake Charles Retail Development LLC*, 2014 WL 4948234, at *7 (E.D.N.Y Sept. 30, 2014) (emphasis added). However, no fraud exception exists where, as here, a party seeks a declaration that a State court judgment is void. *See Ford v. U.S. Dep't of Treas. Int. Rev. Serv.*, 50 Fed. Appx. 490, 491 (2d Cir. 2002); TRO Mot. at 1–3 (seeking an injunction against eviction on the basis that the foreclosure judgment is void).

Similarly, the Court held an emergency telephone conference on Ms. Crawford's TRO Motion on August 29, 2025. At that conference, the Court considered three hundred pages of exhibits that Ms. Crawford had submitted in support of her TRO Motion and gave Ms. Crawford ample opportunity to explain the legal and factual basis for her claims. (*See* ECF No. 5-1; Min. Entry, Sept. 2, 2025.) The Court's finding of irreparable harm does not entitle Ms. Crawford to relief where she failed to demonstrate a serious question as to the merits of any of the claims advanced in her TRO motion, including but not limited to the fact that she had not shown that the "Court has jurisdiction over this matter." (Min. Entry, Sept. 2, 2025.)[3]

---

[3] In addition to moving for the undersigned's recusal, Ms. Crawford moves for the Court to vacate its denial of the TRO Motion for "failure to engage pro se's case precedents of *Kluge v. Fugazy*, [536 N.Y.S.2d 92 (App. Div. 1988)] presented during the hearing." (Mot. at 2.) Ms. Crawford does not explain the relevance of *Kluge*, which does not consider the scope of the *Rooker Feldman* doctrine or any of the bases on which the Court decided the TRO Motion. *See* 536 N.Y.S.2d at 92. Accordingly, to the extent Ms. Crawford moves to vacate the denial of her TRO Motion on grounds other than purported bias by the Court, any such motion is denied.

Likewise, Ms. Crawford moves the Court to "[v]acate the October 9, 2025 Order (ECF No. 11)." (Mot. at 2.) But all the Court's October 9, 2025 Order required was that Ms. Crawford serve Citibank, and ECF No. 11 is a notice of appearance filed by PIB. Accordingly, the Court

Second, Ms. Crawford contends that the Court's "7-hour" deadline to serve her TRO Motion and the Court's 42-day deadline[4] to file the Amended Complaint demonstrates "that the Court harbors bias against pro se litigants." (Mot. at 6, 8) However, this argument boils down to a disagreement with the requirements of the Federal Rules of Civil Procedure. Ms. Crawford chose to seek emergency relief in the form of a TRO Motion, and Rule 65(b)(1) required her to provide immediate informal notice to Defendants of the Court's TRO conference. *See* Fed. R. Civ. P. 65(b)(1) (constraining the Court's ability to issue a TRO without written or oral notice to an adverse party); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 433 n. 7 (1974) (acknowledging the appropriateness of "informal, same-day notice" before a TRO is issued). Likewise, a 42-day deadline to file an Amended Complaint is not unreasonable, and it is consistent with deadlines regularly issued to pro se parties in this District. *See, e.g.*, *Ramani v. Tunecore Inc.*, No. 22-cv-2087, 2022 WL 2441338, at *1-2 (E.D.N.Y. July 5, 2022) (providing a pro se plaintiff 30 days to file an Amended Complaint); *Dolina v. New York City Dep't of Education*, 24-cv-334, 2025 WL 606164, at *1 (E.D.N.Y. Feb. 25, 2025) (same).

Accordingly, for all of these reasons, Ms. Crawford's motion to recuse is denied.

---

construes this request as another articulation of her motion to recuse and disqualify PIB as counsel for Defendants.

[4] Ms. Crawford erroneously asserts that the Court gave her a "one-calendar-day" deadline to file an amended complaint. (Mot. at 6, 20, 33.) Ms. Crawford is mistaken. The Court directed Ms. Crawford at the August 29, 2025 telephone conference that she could file an amended complaint "should she wish to do" so by October 10, 2025. (Min. Entry, Sept. 2, 2025.) This represents a 42-day deadline to file the Amended Complaint.

## II.    Disqualification of Counsel

Ms. Crawford's motion to disqualify counsel fails to satisfy any of the factors required to secure disqualification of PIB as counsel for Defendants.

First, Ms. Crawford does not allege that she has ever had an attorney-client relationship with PIB. *See Prevezon Holdings*, 839 F.3d at 239 (requiring that the moving party be a former client of the counsel subject to the disqualification motion). Instead, Ms. Crawford argues that Defendant Fein Such "represented Plaintiff at the original closing of her home on September 7, 2007, acting as counsel for the lender (Washington Mutual) and/or the title company" and that Fein Such "or its direct successor in interest" is now representing Citibank. (Mot. at 13.) However, even assuming Fein Such represented Washington Mutual Bank in connection with the closing on Ms. Crawford's property in 2007, that would mean Fein Such was previously *adverse* to Ms. Crawford, not that it served as her former counsel at the closing of her home. Moreover, Fein Such is a *defendant* in this action—not counsel for Citibank. By contrast, Ms. Crawford concedes that PIB, the entity that she moves to disqualify, is a "distinct entity" from Fein Such, and Ms. Crawford does *not* allege that PIB was involved in the 2007 closing. (Mot. at 33.)

Second, there is no evidence in the record that PIB has a "successor" relationship to Fein Such. Moreover, even if such evidence were to exit, Ms. Crawford has not offered any authority showing that such a successor relationship between PIB and any other entity is sufficient grounds to disqualify PIB from serving as counsel for Defendants in this action.

Ms. Crawford has therefore failed to make the threshold showing that PIB has ever represented her. *Prevezon Holdings Ltd.*, 839 F.3d at 239. Accordingly, there can be no "substantial relationship" between any such prior representation and the current action, and Ms. Crawford has also failed to demonstrate the second prong of the three-prong disqualification test.

9

*See id*. Finally, there is no evidence in the record even suggesting that PIB ever had access to Ms. Crawford's relevant privileged information, as required for the third prong of the disqualification test. *See id*.

Finally, because the Court denies Ms. Crawford's motion to disqualify PIB as counsel, it also denies her motion to strike all pleadings filed by PIB in this action.

## CONCLUSION

For the reasons set forth above, Ms. Crawford's Motion for Recusal and Disqualification of Counsel (ECF No. 22) are both DENIED. The Clerk of the Court is respectfully directed to mail a copy of this Order to Ms. Crawford at her address of record and to record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
      February 16, 2026

                                   */s/ Nusrat J. Choudhury*
                                  NUSRAT J. CHOUDHURY
                                  United States District Judge